Ryan Thompson (#296841)
WATTS GUERRA LLP
525 South Douglas Street, Suite 260
El Segundo, California 90245
Telephone: (424) 220-8141
Facsimile: (424) 732-8190
rthompson@wattsguerra.com

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER ROSS, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>P.J. PIZZA SAN DIEGO, LLC,<br>PJ PIZZA HOLDINGS, LLC, and<br>PJ CLEVELAND LLC.<br><br>Defendants. | Case No.: 3:16-cv-02330-L-JMA<br><br>**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Peter Ross, individually and on behalf of all other similarly situated persons, for his Amended Class and Collective Action Complaint against Defendants, alleges as follows:

1. Defendants P.J. San Diego, LLC, PJ Pizza Holdings, LLC and PJ Cleveland LLC together own and operate approximately 25 or more Papa John's franchise stores in and around the San Diego area.

2. Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to their customers. Instead of reimbursing drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and California minimum wage during some or all workweeks.

3. Plaintiff Ross brings this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and a class action under California law, to remedy wage and hour violations by Defendants, which engaged in a pervasive and unlawful scheme to deprive their employees of the protections granted them under federal and California wage and hour law.

## Jurisdiction and Venue

4. The FLSA authorizes actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's claim alleging violation of the FLSA is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. The Court has jurisdiction over Plaintiff's and Class Members' claim for failure to reimburse business expenses under Cal. Lab. Code § 2802 and 28 U.S.C. § 1367 (pendent claims).

6. The Court has jurisdiction over Plaintiff's and Class Members' claim for failure to pay the California minimum wage under Cal. Lab. Code § 1194 and 28 U.S.C. § 1367 (pendent claims).

7. The Court has jurisdiction over Plaintiff's and Class Members' claim for restitution of unpaid business expenses arising from Defendants' unlawful and unfair business practices under Cal. Bus. & Prof. Code § 17204 and 28 U.S.C. § 1367 (pendent claims).

8. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants reside in this District, are subject to the Court's personal jurisdiction with respect to this civil action, employed Plaintiff within this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Defendants' Default on Arbitration Agreement

9. The parties entered into an arbitration agreement, which provides that:

> PJ San Diego will bear all administrative costs of the arbitration in accordance with the sponsoring organization's rules (*i.e.*, filing fees, deposits, arbitrators' fees, and charges for the facility for the arbitration), but not the employee's attorneys' fees, accountants' fees, experts' fees, travel, lodging, preliminary discovery, photocopies, telephone costs, and similar expenses.

Copy attached as "Exhibit 1," at 2.

10. On May 16, 2016, Defendants, through their managing member, Christopher Kelleher, expressly agreed in writing to accept service via email of the prior Named Plaintiff's arbitration claim on behalf of a collective action class that included Plaintiff Ross.

11. Pursuant to that arbitration agreement, the prior Named Plaintiff, on behalf of himself and all Defendants' other delivery drivers, including Plaintiff Ross, filed a Demand to Arbitrate and Statement of Claim with the American Arbitration Association ("AAA") on May 23, 2016.

12. The AAA accepted the filing and designated the parties' pending arbitration as "Case No. 01-16-0001-9218."

13. That same day, the prior Named Plaintiff served his Demand for Arbitration and Statement of Claim on Defendants via email to Mr. Kelleher, per Mr. Kelleher's prior written consent to accept service of those documents via email.

14. On August 5, 2016, the AAA informed Plaintiff's counsel that it closed the arbitration because Defendants failed to pay the AAA's filing fee.

15. Defendants have thereby breached and violated their arbitration agreements with Plaintiff Ross and all other delivery drivers by failing to fulfill their contractual duty to pay arbitration fees.

16. Defendants have thereby prejudiced Plaintiff through delay and requiring his counsel to expend additional efforts.

17. Defendants' failure to pay their arbitration fees is a material breach of the parties' arbitration agreement.

18. Because of this breach, Defendants have waived their right to arbitrate, Defendants cannot enforce the terms of the parties' arbitration agreement, and Plaintiff is discharged from his duty to arbitrate and all other duties set forth within the parties' arbitration agreement.

## Unconscionability of Arbitration Agreement

19. Defendants' arbitration agreement provides:

> Both PJ San Diego and I agree that neither of us shall initiate, prosecute or participate in any class action lawsuit, arbitration or proceeding in any way related to any claim covered by this Agreement. Both PJ San Diego and I agree to waive any right that either of us may have to initiate, prosecute or participate in a class action lawsuit, arbitration or proceeding in any way related to any claim covered by this Agreement.

Ex. 1, at 1-2.

20. After the prior Plaintiff filed his arbitration case, the Ninth Circuit ruled that such class and collective action waivers violate the right of employees to concertedly address grievances over terms and conditions of employer conferred under Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157. *Morris v. Ernst & Young LLP,* 2016 U.S. App. LEXIS 15638 (9th Cir. Aug. 22, 2016).

21. Thus, alternatively, or in addition to Defendants' waiver of their right to arbitrate, Plaintiff Ross is relieved of any duty to arbitrate because the arbitration agreement is unlawful and unconscionable.

## Parties

22. Defendants are California limit liability companies maintaining their principal place of business in in San Diego County, California, which is located within this District.

23. Defendants own and operate approximately 25 or more Papa John's franchise stores in and around the San Diego area.

24. Defendants form a "single enterprises" or "single integrated enterprise" as they maintain interrelated operations, common management, centralized control of labor relations, and common ownership or financial control.

25. Alternatively and/or cumulatively, Defendants are "joint employers" of Plaintiff Ross and their other delivery drivers as they share the right to control the manner and means of accomplishing the work, authority to negotiate and set employees' rates of pay, and right to hire and fire employees.

26. Alternatively and/or cumulatively, each of the Defendants has been the agent, employee, partner, and/or joint venture of the other and was acting within the course and scope of that relationship.

27. Alternatively and/or cumulatively, each of the Defendants has given consent to, ratified, and authorized the acts and omissions alleged herein.

28. Plaintiff Ross was employed by Defendants from about February 2010 to June 2015 as a delivery driver at their Papa John's franchise store in Pacific Beach, California.

29. Plaintiff Ross's consent to pursue this claim under the FLSA is attached hereto as Exhibit 2.

## General Allegations

*Defendants' Business*

30. Defendants own and operate approximately 25 or more Papa John's franchise stores in California.

31. Defendants employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to their customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

32. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

33. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

34. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the equivalent per-mile reimbursement is far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

35. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

36. During the applicable California limitations period, the IRS business mileage reimbursement rate has ranged between $.54 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan vehicle ranged between $.574 and $.608 per mile between 2012 and 2016 for drivers who drive a sedan about 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

37. The Division of Labor Standards Enforcement ("DLSE"), the state agency authorized to enforce California's labor laws, accepts the IRS rate as the reasonable per-mile cost of driving a vehicle. *See* DLSE Opinion Letter No. 1994.09.14, p. 1 ("[T]he DLSE has long recognized the IRS rate for automobile reimbursement as a presumptively reasonable rate.").

38. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher repair costs, and more rapid depreciation from driving as much as, and in the manner of, a pizza delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

39. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus its' policy uniformly fails to reimburse their drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

- 6 -
Amended Complaint

40. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and its other delivery drivers are not paid free and clear of all outstanding obligations.

41. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath both the federal and California minimum wage requirements.

42. In sum, Defendants' reimbursement policy and methodology fail to reasonably reflect the realities of delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

43. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and California minimum wage.

44. The federal minimum wage has been $7.25 per hour since July 24, 2009. http://www.dol.gov/whd/minwage/chart.htm.

45. Plaintiff Ross was paid the exact California minimum wages of $8.00 per hour until about July 1, 2014, and $9.00 per hour from about July 2014 to the end of his employment with Defendants. http://www.dir.ca.gov/iwc/minimumwagehistory.htm.

46. During Plaintiff's employment, the per-delivery reimbursement rate at the store where he worked was approximately $.95 per delivery.

47. During his employment with Defendants, Plaintiff experienced an average delivery distance of approximately 4.5 miles per delivery.

48. Defendants' average effective reimbursement rate for Plaintiff was approximately $0.22 per mile ($.95 per delivery / 4.5 average mile per delivery).

49. Using the lowest IRS rate applicable during the longest recovery period, Plaintiff Ross's employment as a reasonable approximation of his automobile expenses (https://www.irs.gov/tax-professionals/standard-mileage-rates), every mile driven on the job decreased his net wages by approximately $.34 ($.54 - $.20) per mile. Considering Plaintiff's estimate of about 4.5 miles per delivery, Defendants' under-reimbursed him about $1.53 per delivery ($.34 x 4.5 average miles per delivery).

50. During his employment by Defendants, Plaintiff typically averaged approximately 2 deliveries per hour.

51. Thus, comparing Defendants' reimbursement rate to the IRS rate, Plaintiff Ross consistently "kicked back" to Defendants approximately $3.06 per hour ($1.53 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.94 per hour until about July 1, 2014 ($8.00 per hour - $3.16 kickback), about $5.94 per hour from about July 2014 to the end of his employment with Defendants ($9.00 per hour - $3.16 kickback).

52. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Ross. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the California minimum wage before deducting unreimbursed business expenses.

53. Because Defendants paid their delivery drivers a gross hourly wage at or near minimum wage, and because the drivers incurred substantial unreimbursed automobile expenses, the drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

54. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or city, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and city.

55. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff Ross, and Defendants possessed the data needed to detect a violation, yet Defendants continue to reimburse at a rate much less than any reasonable approximation of drivers' automobile expenses.

## Class and Collective Action Allegations

56. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

57. The FLSA claims may be pursued by those who opt-in to this arbitration pursuant to 29 U.S.C. § 216(b).

58. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay delivery drivers the federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be easily ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

59. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants' delivering pizzas and other food items to Defendants' customers;

   b. They have delivered pizzas and food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid at or near the California minimum wage before deducting unreimbursed business expenses.

60. Plaintiff brings Counts II through IV as a class action under Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"): All current and former delivery drivers employed by Defendants in the State of California since the date four years preceding the filing of this Complaint.

61. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

62. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action under Fed. R. Civ. P. 23.

63. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

64. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

b. Whether Defendants failed to pay Class members the minimum wage required by California law, and

c. Whether Defendants' formula and/or methodology used to calculate payment of reimbursement for vehicle expenses resulted in under-reimbursement of Class members.

65. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

66. Plaintiff's claims are typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendants' delivering pizza and other food items to Defendants' customers;

b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies of Defendants;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

i. Plaintiff and the Class were paid at or near the California minimum wage before deducting unreimbursed business expenses.

67. A class action is clearly the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

68. Plaintiff Ross is an adequate representative because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

69. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

70. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

71. Plaintiff reasserts and re-alleges the allegations set forth above.

72. The FLSA regulates, among other things, payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in production of goods for commerce, or employed in an enterprise engaged in commerce or the production of goods for commerce. 29 U.S.C. §206(a).

73. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

74. At all relevant times herein, Plaintiff and all other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

75. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

76. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

77. Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

78. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

79. Defendants, pursuant to their policies and practices, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

80. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' Papa John's stores.

81. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus

periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

82. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

83. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count II: Violation of California Labor Code § 2802**

84. Plaintiff reasserts and re-alleges the allegations set forth above.

85. Labor Code § 2802(a) expressly provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.…"

86. At all relevant times herein, Defendants, by virtue of their mileage reimbursement policies and practices, failed to indemnify Plaintiff and the Class appropriately for all

necessary automobile expenses that Plaintiff and the Class incurred while performing work for Defendants.

87. Plaintiff and the Class incurred significant and substantial out-of-pocket losses because of Defendants' failure to reimburse Plaintiff and the Class appropriately for all necessary automobile expenses that Plaintiff and the Class incurred while performing work for Defendants. To date, Defendants have failed to indemnify Plaintiff and the Class for these out-of-pocket losses.

88. Under Labor Code § 2802(c), Plaintiff and the Class are entitled to recover all reasonable costs, including attorneys' fees, incurred in enforcing their rights granted by Labor Code § 2802.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) indemnification to Plaintiff and the Class for necessary expenditures or losses they incurred in the direct consequence of the discharge of their duties for Defendants; (2) attorneys' fees and costs as allowed by Section 2802(c) of the Labor Code; (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

## Count III: Violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, and IWC Minimum Wage Order and Wage Order No. 5

89. Plaintiff reasserts and re-alleges the allegations set forth above.

90. Pursuant to Labor Code §§ 1194, 1194.2, 1197, and 1197.1, it is unlawful for an employer to permit a California employee to work without paying wages at the proper minimum wage for all time worked, as required by the applicable IWC Minimum Wage Order and Wage Order No. 5.

91. At all relevant times herein, Plaintiff and the Class nominally performed work for at or near the California minimum wage.

92. At all relevant times herein, Defendants continually failed to reimburse Plaintiff and the Class for all necessary, automobile expenses that Plaintiff and the Class incurred

while performing work for Defendants, causing the total hourly compensation paid to Plaintiff and the Class continually to fall below the state minimum wage.

93. At all relevant times herein, under the provisions of the IWC Wage Orders, Plaintiff and the Class should have received not less than the minimum wage in a sum according to proof for the time worked but not compensated.

94. For all time that Plaintiff and the Class worked and received less than the state minimum wage, they are entitled to no less than the state minimum wage, and pursuant to Labor Code § 1194.2(a), liquidated damages in an amount equal to the unpaid minimum wage and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class are also entitled to their attorneys' fees, costs, and interest according to proof.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) payment of minimum wage in an amount according to proof; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 1194.2(a) of the Labor Code; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count IV: Violation of California Business & Professions Code § 17200, et seq.**

95. Plaintiff reasserts and re-alleges the allegations set forth above.

96. Defendants' violations of the California Labor Code and regulations, including their failure and refusal to indemnify Plaintiff and the Class appropriately for necessary automobile expenses they incurred and Defendants' failure to pay minimum wages to Plaintiff and the Class constitute unfair business practices in violation of California Business & Professions Code § 17200, et seq.

97. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class, and the public. Defendants' should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff and the Class.

98. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge and restore to Plaintiff and the Class the compensation and reimbursement unlawfully withheld from them.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) disgorgement of profits garnered as a result of Defendants' unlawful failure to indemnify necessary, automobile expenses and pay minimum wages and other compensation earned; (2) restitution under Business & Professions Code § 17200, et seq.; (3) permanent injunctive and declaratory relief under § 17200, et seq.; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: November 11, 2016          Respectfully submitted,

**PAUL McINNES LLP**          **WATTS GUERRA LLP**
Jack D. McInnes          /s/ Ryan Thompson
(*pro hac vice* forthcoming)          Ryan Thompson
601 Walnut Street, Suite 300          525 South Douglas Street, Suite 260
Kansas City, Missouri 64106          El Segundo, California 90245
Telephone: (816) 984-8100          Telephone: (424) 220-8141
Facsimile: (816) 984-8101          Facsimile: (424) 732-8190
paul@paulmcinnes.com          rthompson@wattsguerra.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170

markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**