UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROSS,<br><br>          Plaintiff,<br><br>v.<br><br>P.J. PIZZA SAN DIEGO, LLC., et al,<br><br>          Defendants. | Case No.: 3:16-cv-02330-L-JMA<br><br>**ORDER DENYING DEFENDANTS' MOTION [Doc. 5] TO COMPEL ARBITRATION** |

  Pending before the Court is Defendants P.J. Pizza San Diego, LLC and P.J. Pizza Holdings, LLC's ("Defendants") motion to compel Plaintiff Peter Ross ("Plaintiff") to submit his claims to arbitration on an individual basis. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendants' Motion.

//
//
//
//
//
//

1

## I. BACKGROUND

Defendants own and operate a chain of Papa John's Pizza franchises in the San Diego area. Plaintiff was a delivery driver for Defendants. As a condition of employment, Plaintiff signed an Arbitration Agreement requiring arbitration of any claims between Plaintiff and Defendants. (Arbitration Agreement [Doc. 5-3 Ex. 2].) The Arbitration Agreement also contains a clause ("Class Action Waiver") which, if valid, would deny each side the right to file a class action claim against the other, whether in court, arbitration, or otherwise.

On November 30, 2016, Plaintiff filed an amended complaint against Defendants alleging various putative class and collective action claims stemming from violations of California and federal labor laws. (See FAC [Doc. 3].) Defendants now move to compel Plaintiff to submit his claims to arbitration on an individual basis. (See Mot. [Doc. 5].) Plaintiff opposes. (See Opp'n [Doc. 16].)

## II. LEGAL STANDARD

There is no dispute as to the fact that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court need consider only two questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Arbitration Agreement clearly covers the matters in dispute here. Accordingly, the Court need only consider whether the Arbitration Agreement is valid.

An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under California law, the elements of a valid contract are (1) parties capable of contracting; (2) mutual consent; (3) a lawful object; and (4) consideration. Cal. Civ. Code § 1550. However, a court will not enforce an otherwise valid contract if there exists a

viable defense, such as illegality.  1 Witkin, Summary 10th (2005) Contracts, § 331, p. 365.

### III. DISCUSSION

Plaintiff argues that the Arbitration Agreement is illegal, and therefore invalid, because the Class Action Waiver violates the National Labor Relations Act ("NLRA"). Section 7 of the NLRA provides that

> [e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . ."

29 U.S.C. § 157.  Plaintiff argues that this language creates a federal substantive right on behalf of employees to join together in class action litigation to prosecute employment disputes.  In support, Plaintiff cites *Morris v. Ersnt & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 85 U.S.L.W. 3341 (U.S. Jan. 13, 2017) (No. 16–300).

In *Morris*, Plaintiff Morris filed class and collective action claims against his employer Ernst & Young alleging that it violated the Fair Labor Standards Act and California labor laws by misclassifying him and others similarly situated as exempt employees to avoid paying them overtime.  *Morris*, 834 F.3d at 979.  Because Morris had signed an arbitration agreement purporting to require him to bring all legal claims against Ernst & Young via arbitration as an individual and in separate proceedings, Ernst & Young moved to compel arbitration.  *Id.*  Morris opposed by arguing that the arbitration agreement, by requiring only individual prosecution of employment claims, violated his federal substantive rights under the NLRA to engage in "concerted action" against his employer.  *Id.* at 979–80.  The Ninth Circuit agreed.  *Id.* at 990.

The parties are in disagreement as to whether the Ninth Circuit's decision in *Morris* compels the finding that the Class Action Waiver at issue here violates the NLRA.  Defendants present two arguments as to why *Morris* does not compel such a holding.  First, Defendants seem to argue that *Morris* is not controlling because (1) other

federal circuits have held that the Fair Labor Standards Act does not create a substantive right to concerted action and (2) the Supreme Court has granted *certiorari* on the *Morris* decision. The main problem with this argument is that, regardless of what other circuit courts may have decided on an issue, it is hornbook law that this Court is bound by a published Ninth Circuit decision unless and until it is overturned by Congress, the Ninth Circuit, or the Supreme Court. *See United States v. Frank*, 956 F.2d 872, 882 (9th Cir. 1991).

Next, Defendants argue that the present case is distinguishable from *Morris* because the Class Action Waiver at issue here does not ban all forms of "concerted action." Rather, under Defendants' interpretation, the Class Action Waiver only prohibits Plaintiff from bringing class or collective actions. Thus, unlike the agreement in *Morris,* the Class Action Waiver does not prohibit Plaintiff from joining together with other employees and bringing a joint, multi-plaintiff action. Because the Class Action Waiver permits such a joint action, Defendants argue it does not prohibit all "concerted action" and therefore does not offend the NLRA.

The Court disagrees. Court's must give considerable deference to the National Labor Relations Board's ("the Board") reasonable interpretations as to the scope of the NLRA. *N.L.R.B. v. City Disposal Sys. Inc.*, 465 U.S. 822, 829–30 (1984). The Board has articulated that an employer violates Section 7 of the NLRA

> when it requires employees covered by the Act, as a condition of their employment, to sign an agreement that precludes them from filing joint, class, *or* collective claims addressing their wages, hours or other working conditions against the employer in any forum, arbitral or judicial.

*Horton 1*, 357 NLRB No. 184, slip op. at 1 (emphasis added). Under this interpretation, to trigger Section 7 of the NLRA, it is not necessary that a waiver prohibits joint, class, *and* collective claims. Rather, it is sufficient if such a waiver prohibits any one of these three types of concerted actions. In *Morris*, the Ninth Circuit expressly ratified *Horton 1*'s interpretation of Section 7 of the NLRA. *Morris*, 834 F.3d at 983 (stating "the Board's interpretation of § 7 and § 8 is correct.").

4

Here, there is no dispute that the Class Action Waiver, which Defendants required Plaintiff to sign as a condition of employment, would preclude Plaintiff from engaging in at least one of the three types of concerted actions the NLRA protects. For this reason, the Class Action Waiver is invalid and the Court **DENIES** Defendants' motion to compel individual arbitration of Plaintiff's class and collective action claims.

**IT IS SO ORDERED.**

Dated: May 11, 2017

Hon. M. James Lorenz
United States District Judge