UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROSS,<br><br>        Plaintiff,<br><br>v.<br><br>P.J. PIZZA SAN DIEGO, LLC., et al,<br><br>        Defendants. | Case No.: 3:16-cv-02330-L-JMA<br><br>**ORDER DENYING DEFENDANT'S MOTION [Doc. 10] TO DISMISS** |

  Pending before the Court is Defendant PJ Cleveland LLC's ("Defendant") motion to dismiss[1] Plaintiff's first amended complaint as to it. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendant's Motion.

//
//
//
//

---

[1] Defendant also moves to compel arbitration pursuant to the Arbitration Agreement Plaintiff executed with co-defendants P.J. Pizza San Diego LLC and P.J. Pizza Holdings. In light of this Court's previous order finding the Arbitration Agreement invalid (See May 11, 2017 Order [Doc. 40]) the Court **DENIES** Defendant's present motion to enforce it.

1

## I. BACKGROUND

The three defendants in this action collectively own and operate approximately twenty five Papa John's Pizza franchise stores in the San Diego area. Plaintiff was a delivery driver for defendants. Like other delivery drivers employed by defendants, Plaintiff used his own vehicle to make deliveries and defendants provided financial reimbursement. Because defendants' reimbursement formula underestimates the drivers' automobile expenses, Plaintiff's effective hourly wage fell below that required by federal and California law. Accordingly, On November 11, 2016, Plaintiff filed an Amended Complaint against defendants alleging various putative class and collective action claims stemming from violations of California and federal labor laws. (See FAC [Doc. 3].) Defendant PJ Cleveland now moves to dismiss the First Amended Complaint as to it, arguing Plaintiff has not adequately alleged it was a joint employer. (See MTD [Doc. 10].) Plaintiff opposes. (See Opp'n [Doc. 17].)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegation in the complaint "must be enough to

raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### III. DISCUSSION

Defendant argues the Court should dismiss it from this action because the FAC does not adequately allege Defendant was a joint employer of Plaintiff.[2] Joint employment generally exists when "1) the employers are not "completely disassociated" with respect to the employment of the individuals and 2) where one employer is controlled by another or the employers are under common control." *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (*citing* 29 C.F.R. § 791(b)(3).)

Here, Plaintiff alleges that an individual named Christopher Kelleher manages all three defendants to this action and that all three defendants have integrated their operations such that they share in the right to make hiring and firing decisions and to direct all employees' work efforts and compensation. (FAC ¶¶ 10, 25.) For purposes of this Fed. R. Civ. P. 12(b)(6) motion, these allegations, taken as true, plausibly suggest that Defendant may have been a joint employer of Plaintiff. *See Creech v. P.J. Wichita, L.L.C.*, 2016 WL 4702376 (D. Kan. 2016) (reaching the same conclusion on a nearly identical complaint drafted by the same attorneys). Accordingly, the Court **DENIES** Defendant's motion to dismiss.

//
//
//
//

---

[2] The Court notes that Defendant has withdrawn its motion to the extent it argued Plaintiff failed to properly allege the elements of Federal Rule of Civil Procedure 23. (Reply [Doc. 27] 4:1–6.)

3

## IV. CONCLUSION & ORDER

For the foregoing reasons the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 15, 2017

_____
Hon. M. James Lorenz
United States District Judge